UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| MILES ROAD, LLC | ) | Case No. 10-50958 |
| | ) | |
| | ) | *ELECTRONICALLY FILED* |
| DEBTOR | ) | |
| | ) | |

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
(I) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING;
and (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDER**

Comes now the Debtor, Miles Road, LLC, by counsel, and moves pursuant to 11 U.S.C. §362 and 364 and Bankruptcy Rules 4001 and 9014 for entry of interim and final Orders authorizing the Debtor to obtain post-petition financing and granting adequate protection to the Debtor's pre-petition secured lender ("Motion"). In support thereof, the Debtor states as follows:

**SUMMARY OF RELIEF REQUESTED**

The Debtor proposes to obtain financing in the sum of approximately $519,000.00 from four individuals: James A. Hughes, Jerry Woodall, Wally Langley and Mark Phillips (the "Post Petition Lenders") pursuant to certain terms and conditions, including but not limited to relief equivalent to a co-debtor stay as to the individuals. Each of these individuals, along with Dermontti Dawson, is a co-borrower on a certain Promissory Note (the "Note") of the Debtor to Kentucky Bank. These five individuals are also the members of the Debtor LLC entity. The amount of post-petition financing is the approximate equivalent of three year's interest on the outstanding principal of the Note calculated at the rate of five percent. The majority of the loan proceeds will be paid to

the Bank by the Debtor as additional adequate protection of its interests, with the remainder being used for property taxes and to otherwise support maintenance of the property.

Due to rapid developments in this case, including very recent negotiations with Kentucky Bank, the Debtor has not had the opportunity to prepare a detailed loan agreement and other necessary documentation. It is anticipated that a loan agreement, escrow agreement, and additional instruments and orders will be submitted subject to notice, objection, and Court approval prior to the entry of final Orders. However, the Debtor proposes, among other terms and conditions, the following:

1. The Post-Petition Lenders shall tender funds in the amount of three years' interest pursuant to the underlying loan documents with Kentucky Bank, which amount has been estimated at $519,000.00 in cash or cash equivalents (the "Post-Petition Financing"), within 14 days of the entry of an Order sustaining this motion. The Post-Petition Lenders have represented that the funds are on hand and available to them. The Post-Petition Financing will be advanced subject to an interest rate of 5% per annum.

2. As a condition to making the loan, each of the Post-Petition Lenders, and Dermontti Dawson, shall be entitled an Order granting injunctive relief enjoining and restraining Kentucky Bank from the commencement, continuation, or pursuit of any judicial, administrative, or other action or proceeding to recover any claim arising from the above referenced promissory note, in the nature of a co-debtor stay pursuant to Bankruptcy Code §§362 and 105.

3. Kentucky Bank shall be granted a lien on the proceeds of the Post-Petition Financing, which shall be placed in an escrow account, pursuant to an escrow agreement subject to Court approval, and shall exclusively be used to:

   a. Make periodic interest payments to Kentucky Bank over a three (3) year period.

   b. Provide additional adequate protection to Kentucky Bank.

4. The Post-Petition Financing shall be secured by a lien on property of the estate that is not otherwise subject to a lien or secured by a junior lien on property of the estate that is subject to a lien pursuant to Bankruptcy Code § 364(c)(2) and (c)(3); however, any lien granted to the Post-Petition Lenders shall be subordinated to the mortgage lien of Kentucky Bank.

5. Kentucky Bank shall deemed to be adequately protected from diminution in the value of its collateral pursuant to (i) its continuing first mortgage lien on the real property owned by the Debtor pursuant to that certain Real Estate Mortgage dated March 18, 2008 and of record at Mortgage Book ___, Page ___, in the Jessamine County Clerk's office and, (ii) its lien on the proceeds of the Post-Petition Financing described herein.

6. During the term of the Post-Petition Financing, the Debtor shall operate its business as Debtor-in-Possession.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 157 and Section 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A). Venue is property in this district pursuant to 28 U.S.C. Section 1408 and Section 1409(a).

## FACTUAL AND PROCEDURAL BACKGROUND

The Debtor was organized in 2001 for the purpose of acquisition and multi-phase development of real estate into residential lots. The Debtor obtained financing from Kentucky Bank and purchased a farm property in Jessamine County. The property is well-developed at this time, with numerous improvements, houses and remaining vacant lots. On or about March 18, 2008, the Debtor's financing from Kentucky Bank was consolidated and renewed by means of the Note, for which obligation the Post-Petition Lenders became "co-borrowers" with the Debtor LLC. Due to market conditions, sales of residential lots plummeted in 2008 and early 2009. The Note matured on or about September 18, 2009.

The Debtor and co-borrowers have made extensive attempts to refinance the debt or negotiate a resolution to the indebtedness since the fall of 2009. Kentucky Bank initially requested an escrowed deposit of three years' interest. The Debtor and co-borrowers were not initially in a position to agree, and focused on refinancing the debt. Kentucky Bank filed a lawsuit styled *Kentucky Bank v. Miles Road, LLC*, et.al., Jessamine Circuit Court, Case No. 09-CI-01249. Unable to refinance the indebtedness underlying the Note with an alternative lender, the co-borrowers offered to provide an escrowed deposit equivalent to three years' interest, which would maintain the status quo, allow the Debtor an opportunity to reorganize for the benefit of all parties, and maximize the recovery for the property as opposed to a fire sale at foreclosure. A fire sale has serious negative impact on the existing residents as well as the entire community surrounding the development. Kentucky Bank now takes the position that, even with the provision of $519,000.00 in an escrow account to guaranty payment of interest for the

next three years, it will require the imposition of judgments against each and every of the co-borrowers—not just "hip pocket" judgments to be filed if there is a default, but judgments to be immediately entered in the state court record. Kentucky Bank has moved for judgment against the co-borrowers, has had its motion heard, and intends to tender its proposed judgment to the state court no later than April 12, 2010.

As set forth in the accompanying adversary proceeding styled *Miles Road, LLC v. Kentucky Bank*, AP No. 10-5032, the imposition of personal judgments against the co-borrowers is highly likely to result in a domino effect, potentially including successive bankruptcy filings of some of the co-borrowers, creating defaults with other lenders and other LLC entities, and the consequent inability of this Debtor to successfully reorganize and maximize its affairs for the benefit of all constituencies. Such a result will inure to the detriment of all creditors in this case, as well as the Debtor and the co-borrowers. Accordingly, the Debtor respectfully requests that the Court immediately grant the relief requested herein on an interim basis, subject to final approval upon the submission of more complete terms and provisions, as well as more complete documentation, additional notice to the parties, and a further hearing.

## LEGAL BASIS FOR REQUESTED RELIEF

**Business judgment rule.** Bankruptcy Code § 364(c)(2) and (c)(3) provide that the Court, after notice and hearing, may authorize the debtor to obtain credit or incur debt secured by a lien on property of the estate that is not otherwise subject to a lien or secured by a junior lien on property of the estate that is subject to a lien. The standard for review of such a decision is the business judgment standard. *See, In re: Ames Department Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D. N.Y. 1990). ("The Court's discretion under

Section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party in interest.").

**Alternative financing is unavailable.** As set forth above, despite their extensive efforts, the Debtor and its members, the Post-Petition Lenders, have been unable to obtain alternative financing. The Debtor is prepared to offer affidavits or evidence at a hearing to satisfy the Court that alternative credit on more favorable terms is not available to the Debtor. The Debtor is currently unable to meet its payment obligation to Kentucky Bank. Therefore, it is unlikely that the Debtor will be able to successfully reorganize without accessing the Post-Petition Financing described herein

**Proposed terms are reasonable.** As set forth above, it is appropriate for the bankruptcy court to utilize the business judgment standard with respect to the decision to obtain financing or incur debt. *Ames*, *supra*. The Debtor is exercising sound business judgment in obtaining the Post-Petition Financing to establish an opportunity to reorganize. As the Court is aware, the economic climate in general, and real estate development in particular, have been experiencing a historic contraction over the past few years, but there is likelihood that within the next three years, the economy will significantly improve. The terms of the proposed Post-Petition Financing are reasonable, and are in the best interest of the Debtor, the Debtor's estate, and all creditors.

**Kentucky Bank is adequately protected.** The terms of the Post-Petition Financing provide adequate protection to Kentucky Bank. The pre-payment into escrow of sufficient funds to pay three years' interest preserves the status quo and guarantees

6

monthly payments to the Bank pending reorganization and while ordinary course sales can continue to be pursued. Examples of adequate protection under Section 361 of the bankruptcy code include, but are not limited to: (i) making a cash payment or periodic cash payments to a secured creditor to the extent that the estate's use of property will result in a decrease in the value of such creditor's interest in such property; (ii) provisions for an additional or replacement lien to the extent that the use of such property will cause a decrease in the value of such entities' interest in the property; or (iii) granting such other relief as will result in the realization by the creditor of the indubitable equivalent of such creditor's interest in the property. *See*, *In re Chartier Constr., Inc.*, 126 B.R. 956 (E.D. La. 1991). As set forth above, Kentucky Bank will continue to have a first mortgage lien on the subject real property (the value of which is likely to be increased by successful reorganization of the Debtor) and will have a lien on the escrowed proceeds of the Post-Petition Financing. The primary collateral is real property, which is not subject to deterioration or spoilage. Under these circumstances, Kentucky Bank is fully protected. Within the three-year time frame, the Debtor is likely to be able to sell some or all of the residential lots in the ordinary course of business for returns that will far exceed a foreclosure sale or bankruptcy sale. The value of Kentucky Bank's interest in its collateral is, therefore, more than adequately protected.

**Co-debtor stay as a precondition of the loan is appropriate.** As set forth above, Kentucky Bank is aggressively seeking the entry of personal judgments against the co-borrowers in the Jessamine Circuit Court. The entry of such judgments, in addition to having probable catastrophic effects on the co-borrowers, and being thereby harmful to other creditors of the co- borrowers by creating additional defaults with other

7

bank lenders, will effectively destroy any chance of the Debtor to successfully reorganize. Because the co-borrowers are bringing $519,000.00 to the table, the terms of the Post-Petition Financing more than adequately protect Kentucky Bank and preserve the status quo. Moreover, the co-borrowers have indicated that their proposed tender would be precluded in the event of the imposition of judgments against them. Therefore, it is reasonable and appropriate to extend the protections of the co-debtor stay to the co-borrowers, and the Debtor moves for an order extending the stay under these unique circumstances, as more fully set forth in its pending adversary proceeding.

**Expedited relief is necessary.** The Debtor seeks the above-requested relief on an expedited basis. Accordingly, the Debtor respectfully requests that the Court immediately grant the relief requested herein on an interim basis, subject to final approval upon the submission of more complete terms and provisions, as well as more complete documentation, additional notice to the parties, and a further hearing, and that the stay and injunction from proceeding against the co-borrowers be immediately entered pending final ruling. There is no harm to Kentucky Bank for emergency and interim relief pending final hearings.

## NOTICE OF HEARING

All parties shall take notice that the foregoing Motion shall come on for hearing before the U.S. Bankruptcy Court, 100 East Vine Street, 2d Floor, Lexington, Kentucky on April 12, 2010, at the hour of 9:00 a.m. or as soon thereafter as counsel may be heard.

8

        Respectfully submitted,

        MILES ROAD, LLC, a Kentucky
           Limited liability company

        BY:/s/ Constance Gullette Grayson
        Constance Gullette Grayson
        Robert L. Gullette, III
        125 S. Main Street
        Nicholasville, KY 40356
        (859) 885-5536

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all parties on the service list via the Court's CM/ECF system, and by email on the following, on this the 10th day of April, 2010, as follows:

Gregory D. Pavey, Esq.
Gregory.Pavey@skofirm.com

David Royse, Esq.
David.Royse@skofirm.com

Rich Mains, Esq.
Rich.Mains@skofirm.com


        /s/ Constance Gullette Grayson
        ATTORNEYS FOR MILES ROAD, LLC

9